IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00120-MR

| | |
|---|---|
| RICARDO EDWIN LANIER, ) | |
| Plaintiff, ) | |
| vs. ) | |
| C. WYCOFF, et al., ) | **ORDER** |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Henderson County Detention Center (HCDC), where he is a pretrial detainee. The Plaintiff names as Defendants in their individual and official capacities: C. Wycoff, Henderson County Sheriff's Office (HCSO) officer; A. Soriano, an HCSO detention officer; and FNU Stone, an HCSO detention corporal. He asserts violations of the First, Fourth, and Fourteenth Amendments[1] in relation to

---

[1] The Plaintiff also cites the Sixth and Eighth Amendments [Doc. 1 at 3; Doc. 1-1 at 7], but they are inapplicable for the reasons discussed *infra*.

incidents that allegedly occurred on February 11, 2022.[2] [Doc. 1 at 3]. He seeks compensatory and punitive damages totaling $2,785,000. [Doc. 1-1 at 1, 8-9].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

---

[2] The Plaintiff was charged on February 11, 2022 with: felony assault with physical injury on Defendants Wycoff and Soriano (Case Nos. 22CRS050531 and 20CRS050532, respectively); and felony resisting a public officer with serious injury (Case No. 22CRS000146). Those cases are presently pending in Henderson County Superior Court.

2

district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The Complaint contains allegations regarding individuals who are not named as defendants. [See, e.g., Doc. 1-1 at 3-4, 8 (referring to Edwards, Burns, and Burgess)]. These claims cannot proceed. See generally Fed. R. Civ. P. 10(a) (requiring the title of the complaint to name all parties); see, e.g., Shine v. Charlotte Mecklenburg Police Dep't, No. 3:17-cv-306-FDW, 2018 WL 2943456 (W.D.N.C. June 12, 2018) (dismissing as nullities the allegations against individuals not named as defendants in the caption as required by Rule 10(a)).

The Plaintiff also uses vague terms rather than identifying the individual(s) involved in each allegation. [Doc. 1-1 at 1 (referring to "officers"); see also id. at 6-7 (referring to the "Henderson County Court

3

System")]. Such claims are too vague and conclusory to proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Further, to the extent that these allegations refer to non-parties, they are nullities for the reasons discussed *supra*.

The Plaintiff asserts claims against the Defendants in their individual and official capacities. Suits against sheriffs and their employees in their official capacities are, in substance, claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (1992) (quoting Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978)). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional

4

violation."  Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted).  "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law."  Id. (quoting Monell, 436 U.S. at 694).  Here, the Plaintiff does not allege that any Sheriff's Office policy or custom played a part in the alleged violation of his constitutional rights.  Accordingly, the Plaintiff's official-capacity claims against the Defendants are dismissed without prejudice.

B. **Retaliation**

The Plaintiff claims that on the morning of February 11, 2022, he gave Defendant Stone some legal documents for photocopying that related to a North Carolina Industrial Commission (NCIC) claim against "(fellow officer's) which did in fact work with the Defendants in the past…." [Doc. 1-1 at 2-3]. The Plaintiff claims that he called Stone on the "speakerbox" to request the documents' return, but neither Stone nor the other Defendants answered. [Id.].  The Plaintiff asked the Defendants to return the documents during their rounds, but they ignored him. [Id.]. The Plaintiff alleges that Defendant Soriano had delivered CDs containing fellow officers' body-cam footage to the Plaintiff for the NCIC case on January 27, 2022, and that there is reason to believe that the Defendants failed to return the documents in retaliation for the Plaintiff's lawsuit against other officers.  [Id. at 2-3].

5

The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for exercising that right." Suarez Corp. v. McGraw, 202 F.3d 676 (4th Cir. 2000). Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (citation omitted). Once the prisoner-plaintiff shows that his "protected conduct was a substantial motivating factor in a prison guard's decision to take adverse action," the burden then shifts to the defendant to prove a permissible basis for taking that action. Id. at 300. Bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). In the prison context, retaliation claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Id.

Taking the allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, the Court concludes that he has minimally stated a retaliation claim against Defendant Stone. However, the Plaintiff has failed to plausibly allege that Defendant Wycoff knew about the NCIC lawsuit. Nor has he plausibly alleged that Defendants Wycoff and Soriano ever possessed the legal documents such that they could have returned them to Plaintiff, or that they failed to do so because of the NCIC lawsuit. Accordingly, the retaliation claim passes initial review against Defendant Stone, but it is dismissed without prejudice as to Defendants Wycoff and Soriano.

C.  Due Process

The Plaintiff appears to claim that the Defendants violated due process by failing to return his legal documents.[3]  [Doc. 1-1 at 2-3].

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property

---

[3] The Plaintiff does not appear to assert a claim for violating his right to access the courts. Had he attempted to do so, this claim would be dismissed without prejudice because he has failed to plausibly allege that he suffered any actual injury. See generally Lewis v. Casey, 518 U.S. 343, 356-57 (1996).

or liberty that was accomplished by state action. Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy. Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517 (1984); see Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975) (under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state prisoner). The Parratt-Hudson doctrine does not apply, however, to deprivations that are a "result of some established state procedure." Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982).

The Plaintiff appears to assert that the Defendants' failure to return his legal documents was the result of an unauthorized act, rather than an established procedure. Therefore, the Plaintiff has an adequate post-

deprivation remedy, and his due process claim is dismissed without prejudice.

### C. Excessive Force

The Plaintiff claims that he sat on a table in the pod in hopes that a high-ranking official would respond whom he could question about the return his legal documents [Doc. 1-1 at 3-4]; that the Plaintiff "respectfully" asked Defendants Wycoff and Soriano if he could speak to the corporal or sergeant [id. at 4]; that Defendant Wycoff told the Plaintiff that, if he would not go to his cell, "he'd punch the Plaintiff and make [him] go" [id.]; that the Plaintiff remained seated on the table and repeated his request because he "knew" that no force could be used on him if he was seated and non-threatening [id.]; that Defendant Wycoff displayed a closed fist as a "scare tactic," then attempted to punch the Plaintiff [id. at 4-5]; that the Plaintiff stood up and attempted to block Wycoff to "protect himself from an imminent threat of danger" [id. at 5-6]; that Defendant Soriano attempted to grab the Plaintiff "so Defendant Wycoff could in fact punch the Plaintiff in the face" as Wycoff tried to punch him a second time [id. at 5]; and that Defendant Wycoff deployed his taser, which caused the Plaintiff to fall to the floor, then deployed the taser again while the Plaintiff was on the floor and was not resisting [id. at 6]. Defendant Wycoff's finger broke when it caught in the

Plaintiff's shirt, and Defendant Soriano sustained a laceration during the incident. [Doc. 1-1 at 7].

The Fourteenth Amendment[4] "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396). Considerations that bear on the reasonableness or unreasonableness of the force include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force;

---

[4] The Plaintiff cites the Eighth Amendment in support of this claim, but the Eighth Amendment applies to convicted prisoners, whereas the Fourteenth Amendment governs claims of cruel and unusual punishment brought by pretrial detainees such as the Plaintiff. See generally Kingsley v. Hendrickson, 576 U.S. 389 (2015); City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983).

the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. Id.

The Fourth Circuit recognizes a cause of action for bystander liability "premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416-17 (4th Cir. 2014) (quoting Randall v. Prince George's Cnty., 302 F.3d 188, 203 (4th Cir. 2002)). A "bystander officer" can be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall, 302 F.3d at 204.

Taking the allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, the Court concludes that he has minimally stated an excessive force claim against Defendant Wycoff and a failure to intervene claim against Defendant Soriano. These claims have survived initial review and will be allowed to proceed.

### D. False Arrest and Imprisonment

The Plaintiff appears to claim that Defendants Soriano and Stone falsely arrested and imprisoned him without probable cause when Soriano took the Plaintiff to the Jail's booking area following the "fabricated" use of

force incident, and Defendants Soriano and Stone restrained him there. [Doc. 1-1 at 5, 8].

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." U.S. Const. Amend. IV. An arrest is a seizure under the Fourth Amendment, and such a seizure is reasonable only if based on probable cause. Wilson v. Kittoe, 337 F.3d 392, 398 (4th Cir. 2003); see Wallace v. Kato, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter"). Probable cause to justify an arrest means "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Whether probable cause exists must be determined "in the light of all of the surrounding circumstances." Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998). To state a cognizable § 1983 claim for false arrest, a plaintiff must allege that law enforcement officers arrested him without probable cause. See Pleasants v. Town of Louisa, 524 F. App'x 891, 897 (4th Cir. 2013). Damages for a false arrest claim covers the time of the detention up until issuance of process or arraignment. Heck v. Humphrey, 512 U.S. 477, 484 (1994).

12

The Plaintiff has failed to state a claim for false arrest or imprisonment. He admits that he was detained following an altercation with Defendants Wycoff and Soriano during which: the Plaintiff ignored a verbal command to return to his cell; the confrontation became physical; and both Wycoff and Soriano sustained injuries. His conclusory claim that the incident was "fabricated" is insufficient to plausibly demonstrate that he was detained without probable cause. Accordingly, the Plaintiff's claim that he was falsely arrested and imprisoned is dismissed without prejudice.

### E. Conditions of Confinement

The Plaintiff claims that he was intentionally subjected to "a rather harsh condition of confinement" after the use of force incident when Defendants Stone and Soriano strapped his arms and legs to a chair, because "mechanical restraints 'can-not' be used as a form of discipline or for punishment…." [Doc. 1-1 at 8].[5]

---

[5] The Plaintiff also claims that, after the use of force incident, "Defendant Soriano took the Plaintiff to[ ] the front of the Jail to the booking area… After a duration of time had exceedingly passed as the Plaintiff was in fact handcuffed to[ ] a bench…." [Doc. 1-1 at 8]. The Court cannot determine whether this allegation is meant to be asserted against any Defendant; in any event, it is too vague and conclusory to state a claim. See generally Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02.

"[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated."[6] Tate v. Parks, 791 F. App'x 387, 390 (4th Cir. 2019) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)).  An individual pretrial detainee may raise a substantive due process challenge to his conditions of confinement "where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment."  Id. (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4th Cir. 2018)).  "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred."  Id.

The Plaintiff's allegations are too vague and conclusory to state a deliberate indifference claim.  The fact that he was restrained to a chair for an unspecified period of time following a physical altercation with officers fails to demonstrate that Defendants Stone and Soriano had an express

---

[6] As discussed *supra,* pretrial detainees bringing excessive force claims under the Fourteenth Amendment are no longer required to satisfy the analogous subjective component that governs the Eighth Amendment excessive force claims of convicted prisoners.  See Kingsley, 576 U.S. at 389.  However, neither the Supreme Court nor the Fourth Circuit has extended Kingsley beyond the excessive force context to a pretrial detainee's deliberate indifference claims.  See Mays v. Sprinkle, 992 F.3d 295, 300-02 (4th Cir. 2021).

14

intent to punish him, or that the restraint was not reasonably related to a legitimate nonpunitive objective. The fact that they used mechanical restraints, standing alone, is insufficient. Accordingly, the Plaintiff's claim about the conditions of his confinement is dismissed without prejudice.

### F. Malicious Prosecution[7]

The Plaintiff claims that he was "falsely charged" with felony assault inflicting serious injury on Defendants Wycoff and Soriano, Case Nos. 22CRS050531 and 22CRS050532 [id. at 6-7]; that the cases should not have been bound over to the Superior Court [id. at 5, 7]; and that the charges should have been dismissed because Defendant Wycoff admitted at the probable cause hearing that the Plaintiff never touched him but that his finger got caught in the Plaintiff's shirt, and Defendant Soriano did not testify at the probable cause hearing[8] [id.].

A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. Lambert v. Williams, 223 F.3d 257,

---

[7] The Plaintiff has not specifically identified a malicious prosecution claim, but his allegations are liberally construed as raising such a claim.

[8] The Plaintiff also claims that Defendant Soriano's failure to testify at the probable cause hearing violated the Sixth Amendment's Confrontation Clause. [Doc. 1-1 at 7]. However, this claim fails because "the confrontation right pertains only to adverse witnesses offering testimony *at trial*." United States v. Soriano-Jarquin, 492 F.3d 495, 504 (4th Cir. 2007) (citing Crawford v. Washington, 541 U.S. 36 (2004)) (emphasis added).

261 (4th Cir. 2000). To state a malicious prosecution claim, a plaintiff must allege that the defendant caused a seizure of the plaintiff pursuant to legal process, unsupported by probable cause, and the criminal proceedings terminated in plaintiffs' favor. Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). To demonstrate a favorable termination of a criminal prosecution for purposes of a malicious prosecution claim, a plaintiff need only show that his prosecution ended without a conviction. Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022).

The Plaintiff's criminal charges in Case Nos. 22CRS050531 and 22CRS050532 are still pending in North Carolina state court, and therefore, the Plaintiff cannot satisfy the favorable termination requirement. Accordingly, his malicious prosecution claims are dismissed without prejudice.

**IV. CONCLUSION**

In sum, the following of Plaintiff's claims have passed initial review: against Defendant Stone for retaliation; against Defendant Wycoff for the use of excessive force; and against Defendant Soriano for failure to intervene. The remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order

16

Case 1:22-cv-00120-MR    Document 21    Filed 10/03/22    Page 16 of 18

and to otherwise properly state a claim upon which relief can be granted.[9] Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his prior filings. Piecemeal amendment will not be permitted.[10] Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed only on the claims described in this Order.

---

[9] The Complaint is rife with "legalese" that makes the allegations unnecessarily difficult to understand. [See, e.g., Doc. 1-1 at 6 ("Defendant Wycoff did in fact take his unethical, hyperbolical, atrocious, self-relient, tactics to an even higher torrential state by acting with complete 'egregiousness' in the (m)alignant way he did in fact taze the Plaintiff while the Plaintiff was in fact on the 'ground', thus, Plaintiff was 'not' (resisting) and was in fact 'still' (immobilized) from the (first initial taze) from the tazer-gun, thus, there was (no-need) to (or) was there any rational justification for Defendant Wycoff subjecting the Plaintiff too such brutal-force is as was bestowed upon the Plaintiff.") (errors uncorrected)]. If the Plaintiff chooses to amend his Complaint, he must present a "short and plain" statement of his claims. See Fed. R. Civ. P. 8(a)(2).

[10] The Plaintiff has filed documents including "Declarations" and annotated records that appear to be in the nature of premature summary judgment filings. [See, e.g., Docs. 8, 9, 10, 11, 12]. The Plaintiff is cautioned that premature, piecemeal, vexatious, or otherwise improper filings are subject to being stricken. [See generally Doc. 3 (Order of Instructions); Doc. 15 (Order cautioning the Plaintiff that it will not respond to letters or miscellaneous filings, and that only Motions will be ruled on by the Court)]. If the Plaintiff is attempting to ask the Court for relief, he must do so in a motion. [Id.]. If the Plaintiff is attempting to assert claims or make allegations against the Defendants, he must do so in a superseding Amended Complaint. See generally Fed. R. Civ. P. 15. Any claims or allegations that are not included an Amended Complaint will be waived. See generally Young v. City of Mt. Ranier, 238 F.3d 567 (4th 2001) (as a general rule, and amended pleading ordinarily supersedes the original and renders it of no legal effect).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] passes initial review against Defendant Stone for retaliation, against Defendant Wycoff for the use of excessive force, and against Defendant Soriano for failure to intervene.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, the matter will proceed only on the claims as provided in this Order.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: October 2, 2022

Martin Reidinger
Chief United States District Judge