IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00120-MR

| | |
|---|---|
| **RICARDO EDWIN LANIER,** | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| **C. WYCOFF, et al.,** | )  **ORDER** |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on Defendants Seriano and Wycoff's Motion to Revoke Plaintiff's *In Forma Pauperis* Status [Doc. 30] and on independent review of the record.

**I.     BACKGROUND**

The pro se Plaintiff Ricardo Edwin Lanier ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Columbus Correctional Institution in Whiteville, North Carolina. On June 22, 2022, he filed this pro se action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Henderson County Detention Center (HCDC), where he was a pretrial detainee at the time. The Plaintiff moved to proceed *in forma pauperis.* [Doc. 2]. The Clerk granted the Plaintiff's Motion, and ordered that the initial filing fee was waived and directed monthly installment

payments from the Plaintiff's prisoner trust account. [Doc. 7]. The Court conducted its initial review of the Plaintiff's Complaint, finding that the Plaintiff's claims passed initial review against FNU Stone, a Henderson County Sheriff's Office (HCSO) detention corporal, for retaliation; against Caleb Wycoff,[1] an HCSO officer for the use of excessive force; and against Antonio Seriano,[2] an HCSO detention officer, for failure to intervene. [Doc. 21]. Defendants Wycoff and Seriano were served, and the summons was returned as unexecuted as to Defendant Stone. [Docs. 26, 27].

Defendants Wycoff and Seriano filed the instant Motion on December 8, 2022. [Docs. 26, 30]. As grounds, the Defendants argue that the Plaintiff has had more than three prisoner civil actions dismissed for failure to state a claim for relief and that this action must be dismissed under 28 U.S.C. § 1915(g) without prejudice until the Plaintiff pays the filing fee in full. [Doc. 31 at 2-4]. The Plaintiff opposes the motion, arguing that he was already granted leave by the court to proceed in forma pauperis with this action, and that withdrawing leave would result in a miscarriage of justice. The Plaintiff

---

[1] "C. Wycoff" in the Complaint. [Doc. 1 at 1]. The Clerk will be instructed to correct this Defendant's name in the Court's records.

[2] "A. Soriano" in the Complaint. [Doc. 1 at 1]. The Clerk will be instructed to correct this Defendant's name in the Court's records.

further argues that he is under the threat of imminent harm. [Id. at 2-4]. The moving Defendants filed a Notice of intent not to file a reply. [Doc. 37].

## II. DISCUSSION

Section 1915(g) of the Prison Litigation Reform Act ("PLRA") provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020). However, the Supreme Court has stated that, when a court gives a plaintiff leave to amend his complaint, "the suit continues, the court's action falls outside of Section 1915(g) and no strike accrues." Id. at 1725, n.4.

The moving Defendants argue that the Plaintiff has filed at least three (3) prior non-habeas civil actions that have been dismissed for his failure to state a claim for relief. See Lanier v. Hernandez, No. 3:09-cv-00240-DMS-POR (S.D. Cal.), Docs. 1, 17; Lanier v. Griffin, No. 1:14-cv-00252-FDW (W.D.N.C.), Docs. 1, 10; Lanier v. Hands, No. 5:17-ct-3042-FL (E.D.N.C.),

3

Docs. 1, 13. However, in Case No. 5:17-ct-3042, the Plaintiff's complaint was dismissed for failure to prosecute. [5:17-ct-3042, Doc. 13]. Therefore, the dismissal in that case is not a "strike" pursuant to § 1915(g). See Lomax, 140 S.Ct. at 1725 n.4. Accordingly, the moving Defendants have failed to identify three prior "strikes" against the Plaintiff before he filed the instant action and, accordingly, the Motion is denied.

Further, as to Defendant Stone, the Plaintiff shall take further action to prosecute this case against this Defendant within fourteen (14) days of this Order. Failure to take any such further action shall result in the dismissal of this Defendant without prejudice and without further notice to the Plaintiff.

### III.    CONCLUSION

In sum, Defendants Seriano and Wycoff's Motion to Revoke Plaintiff's *In Forma Pauperis* Status [Doc. 30] is denied. Further, the Plaintiff shall take further action against Defendant Stone within 14 days; the failure to do so will result in the dismissal of this action against Defendant Stone without prejudice and without further notice.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status [Doc. 30] is **DENIED**.

2. The Plaintiff shall take further action to prosecute this case against Defendant Stone within **fourteen (14) days** of this Order. Failure to take any such further action shall result in the dismissal of this Defendant without prejudice and without further notice to the Plaintiff.

The Clerk is respectfully instructed to replace "C. Wycoff" with Caleb Wycoff, and "A. Soriano" with Antonio Seriano in the Court's records.

**IT IS SO ORDERED**.

Signed: January 23, 2023

Martin Reidinger
Chief United States District Judge