IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00120-MR

| | |
|---|---|
| RICARDO EDWIN LANIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CALEB WYCOFF, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Henderson County Detention Center (HCDC).[1] He was granted leave to proceed in forma pauperis. [See Doc. 7]. The Complaint passed initial review against Defendants FNU Stone, Caleb Wycoff, and Antonio Seriano. [Doc. 21]. Defendants Wycoff and Seriano were served, and they have filed an Answer and Counterclaim. [Doc. 38]. The summons was returned as unexecuted as to Defendant Stone. [Docs. 26, 27]. On January 23, 2023, the Court ordered the Plaintiff to take further action to prosecute the case against

---

[1] The Plaintiff was a prisoner of the State of North Carolina when he filed this action; he was subsequently released.

Defendant Stone within 14 days. [Doc. 39]. It cautioned the Plaintiff that "the failure to do so will result in the dismissal of this action against Defendant Stone without prejudice and without further notice." [Id. at 4]. On January 27, 2023, the Plaintiff filed an Opposition to Defendants Wycoff and Soriano's Answer and Counterclaim. [Doc. 41]. He has not responded to the Court's January 23 Order and the time to do so has expired.

The Federal Rules of Civil Procedure allow a court to dismiss sua sponte unserved defendants after 90 days following the filing of the complaint. Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 6(b)(1)(B) (when an act must be done within a specified time, a court may, for good cause, extend that time on motion made after the time has expired if the party failed to act because of excusable neglect). This period is tolled until frivolity review is complete and the district court authorizes service. See Robinson v. Clipse, 602 F.3d 605 (4th Cir. 2010). The Plaintiff has taken no action to serve Defendant Stone, nor has he responded to the Court's January 23 Order. See Red. R. Civ. P. 4(m); see also Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply

2

any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order). Therefore, Defendant Stone will be dismissed from this action without prejudice.

**IT IS, THEREFORE, ORDERED** that Defendant Stone is **DISMISSED WITHOUT PREJUDICE** from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed: February 23, 2023

Martin Reidinger
Chief United States District Judge